UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOISES PAVON On Behalf of Himself and
All Others Similarly Situated,

                 Plaintiffs,

      -vs-

LANDSCAPING BY FREDIS, INC., and FREDIS
REYES,

                Defendants.
------------------------------------------------------------------X

Case No.:

**COLLECTIVE AND CLASS
ACTION COMPLAINT
WITH JURY DEMAND**

Plaintiff MOISES PAVON ("Mr. Pavon") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against LANDSCAPING BY FREDIS, INC. ("Landscaping by Fredis") and FREDIS REYES ("Reyes") (together "Defendants") allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.  This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's minimum wage provisions, NYLL § 652(1); (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the

1

requirement that employers pay spread of hours premiums under the NYCCRR tit. 12 § 142 et seq. and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants, a landscaping company, as general laborers. Throughout their employment, Defendants required Plaintiffs to work, and Plaintiffs did work, more than forty hours per week. However, Defendants failed to pay Plaintiffs at the statutory minimum wage or pay them at the overtime rate of pay of one and one-half times their regular rate of pay for each hour that Plaintiffs worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to pay Plaintiffs for their spread of hours in violation of the NYLL. Lastly, Defendants failed to furnish Plaintiffs with accurate and/or any wage statements on each payday as the NYLL requires.

3. Defendants paid and treated all of their laborers in a similar manner.

4. Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

5. Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

6. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

7. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

9. At all relevant times herein relevant, Plaintiff Pavon is a resident of the State of New York and resides in Suffolk County.

10. At all times herein relevant, Plaintiff Pavon was an "employee" entitled to protection as defined by the FLSA and the NYLL.

11. Upon information and belief, at all relevant times herein, Landscaping by Fredis was and is a Domestic Business Corporation created under the laws of the state of New York.

12. Upon information and belief, at all relevant times herein, Landscaping by Fredis has its principal place of business located at 41 Renwick Avenue, Kings Park, NY 11754.

13. At all relevant times herein, Defendant Landscaping by Fredis was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

14. Upon information and belief, for the calendar year 2019 the Landscaping by Fredis's gross receipts were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2020 the Landscaping by Fredis's gross receipts were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2021 the Landscaping by Fredis's gross receipts were not be less than $500,000.00.

17. Upon information and belief, for the calendar year 2022 the Landscaping by Fredis's gross receipts will not be less than $500,000.00.

18. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise.

19. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

20. At all relevant times herein, Defendant Reyes was a resident of the State of New York and has an actual place of business located at 41 Renwick Avenue, Kings Park, NY 11754.

21. At all relevant times herein, Defendant Reyes was the president, and/or owner, and/or day-to-day overseer of Landscaping by Fredis.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the

4

FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt laborers, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

23. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

24. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

25. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

26. Under FRCP 23(b)(3), a plaintiff must plead that:

      a. The class is so numerous that joinder is impracticable;

      b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

      c. Claims or defenses of the representative are typical of the class;

      d. The representative will fairly and adequately protect the class; and,

      e. A class action is superior to other methods of adjudication.

27. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as laborers, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

28. During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

### Common Questions of Law and/or Fact

29. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated minimum wage; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements

on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

## **Typicality of Claims and/or Defenses**

30. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime and the statutorily required minimum wage. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid the minimum wage, to be paid for all hours worked, to be paid an extra hour at the minimum wage rate where their spread of hours exceeded 10 hours, and to be furnished with accurate wage statements. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies,

7

practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### **Adequacy**

31. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week and did not pay Plaintiffs the statutorily required minimum wage and did not pay spread of hours pay. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### **Superiority**

32. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

33. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

34. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

35. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

36. Defendants own and operate a landscaping company which provides landscaping services to various homes in the Long Island area.

37. From six years prior to the commencement of this action Defendants employed laborers throughout New York.

38. Mr. Pavon worked for Defendants from on or about the April 15, 2018, until on or about June 20, 2022.

39. Throughout his employment, Mr. Pavon worked as a laborer. In that role, Mr. Pavon, like all laborers, cut grass, trimmed hedges, cleaned gardens and yards and spread fertilizer.

40. As employees of the Defendants, laborers, including Mr. Pavon was primarily responsible for performing manual tasks and physical labor.

41. Defendants both treated and paid Mr. Pavon and the Class Members in a similar manner.

42. As a laborer Mr. Pavon worked the months of March through December, inclusive.

43. From on or about April 15, 2018, until on or about June 15, 2020, Defendants required Mr. Pavon to work-and he did in fact work- Mondays through Saturdays, inclusive, from 7:00am until 8:00pm and every other Sunday from 7:00am until 5:00pm.

44. From on or about June 16, 2020, until on or about June 20, 2022 Defendants required Mr. Pavon to work-and he did in fact work- Mondays through Fridays, inclusive, from 7:00am until 8:00pm with Saturday and Sunday as his days off.

45. Throughout his employment, the Defendants paid Mr. Pavon a flat weekly salary.

46. Throughout his employed, the Defendants paid Mr. Pavon $600.00 per work week.

9

47. Throughout the statutory period, Defendant failed to compensate Mr. Pavon at one-and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

48. Throughout the statutory period, Defendants failed to pay Mr. Pavon the statutory minimum wage.

49. Through his employment, Defendants suffered or permitted Mr. Pavon to work over 10 hours per day. During such workdays, Defendants failed to compensate Mr. Pavon for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift, and/or the spread of hours exceeded 10 hours.

50. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

51. Every hour that Plaintiffs worked was for Defendants' benefit.

52. Defendants treated Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the FLSA*

53. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

55. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

56. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

57. The Defendants willfully violated the FLSA.

58. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

59. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

60. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
### *Unpaid Overtime under the NYLL*

61. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

62. Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

64. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

65. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### ***THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS***
*Unpaid Minimum Wage under the NYLL*

66. The Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67. At all times herein pertinent, the Plaintiff and any FLSA Plaintiff who opts-in to this action were employees of Defendants within the meaning of the New York Labor Law.

68. Defendants are employers of the Plaintiff and any FLSA Plaintiff who opts-in to this action within the meaning of the New York Labor Law.

69. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

70. Defendants have failed to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action the proper minimum wages to which they were entitled under the New York Labor Law.

71. By Defendants' failure to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Pay Spread of Hours*

73. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. Defendants have willfully failed to pay Plaintiff and any FLSA Plaintiff who opts-in to this action additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

75. Through their knowing or intentional failure to pay Plaintiff and any FLSA Plaintiff who opts-in to this action spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' violations of the NYLL, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

77. Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

78. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

79. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

80. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

81. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### **DEMAND FOR A JURY TRIAL**

82. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g. Declaring Defendants' violations of the FLSA and NYLL were willful;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  j. Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

  k. Awarding punitive damages;

  l. Pre-judgment and post-judgment interest, as provided by law;

  m. Awarding such other and further relief as available under the statues; and

  n. Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
   September 23, 2022

                Respectfully submitted,
                LAW OFFICES OF WILLIAM CAFARO

                _____
                By: Amit Kumar, Esq. (AK 0822)
                *Attorneys for the Named Plaintiff as Well as the Putative Class*
                108 West 39th Street, Suite 602
                New York, New York 10018
                (212) 583-7400
                AKumar@CafaroEsq.com